**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                                      Case No. 14-CR-58

DERRICK R. CLINTON,

        Defendant.

---

## ORDER DENYING WITHOUT PREJUDICE THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING

On March 11, 2014, the grand jury in this district returned a two count indictment charging Derrick R. Clinton ("Clinton") with possessing a firearm after having been convicted of a felony, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), and possessing crack cocaine with intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). (Docket No. 1.)

A month later, Clinton filed a motion to suppress. (Docket No. 12.) In this motion, the defendant requests an evidentiary hearing. For the reasons set forth below, this request shall be denied.

"A trial court is required to grant a suppression hearing only when a defendant presents facts justifying relief." United States v. Woods, 995 F.2d 713, 715 (7th Cir. 1993) (citing United States v. Hamm, 786 F.2d 804, 807 (7th Cir. 1986)). Thus, the moving defendant has "the burden of presenting 'definite, specific, detailed, and nonconjectural facts' to establish that there was a

disputed issue of material fact …." United States v. Toro, 359 F.3d 879, 885 (7th Cir. 2004) (citing United States v. Rodriguez, 69 F.3d 136, 141 (7th Cir. 1995)). If the defendant offers only vague or conclusory allegations, he fails in his burden to present a prima facie showing of illegality. Id. (citing United States v. Randle, 966 F.2d 1209, 1212 (7th Cir. 1992)); see also United States v. McGaughy, 485 F.3d 965 (7th Cir. 2007) (quoting United States v. Villegas, 388 F.3d 317, 324 (7th Cir. 2004)). The general desire to "put the government to its proof" is insufficient to warrant an evidentiary hearing.

The contraband that forms the basis for the indictment against Clinton was discovered when police officers searched Clinton's residence pursuant to the consent of Markesha Kidd ("Kidd"). (Docket No. 12.) Clinton contends that an evidentiary hearing is necessary to determine whether Kidd had either apparent or actual authority to consent to a search of the residence, the scope of any such authority, and whether the officers who obtained Kidd's consent attempted to determine her authority to offer such consent. (Docket No. 12 at 3.) However, Clinton offers no facts that would tend to suggest that Kidd lacked the apparent or actual authority to consent. In fact, Clinton's motion suggests that Kidd did possess such authority in that it refers to the searched home as "her [Kidd's] residence." (Docket No. 12 at 1.)

If the defendant believes that an evidentiary hearing will demonstrate that Kidd did not have a relationship with the residence sufficient to render her consent valid, it is incumbent upon the defendant to present facts, whether in the form of an affidavit, declaration, or otherwise, sufficient to demonstrate that a dispute of material fact exists and thus an evidentiary hearing is necessary. A request for an evidentiary hearing in a motion such as the one the defendant filed ought to contain, in effect, an offer of proof—a statement as to what facts the defendant believes will be elicited at an evidentiary hearing that, if proven, would demonstrate he is entitled to relief

2

sought in his motion. The defendant having failed to present such facts, the court must deny his request for an evidentiary hearing. However, this denial shall be without prejudice. Not later than April 21, 2014, the defendant may file a renewed motion to suppress which contains sufficient definite, specific, detailed, and nonconjectural facts to demonstrate that an evidentiary hearing is necessary. If a renewed motion is not filed by this deadline, the court shall regard the defendant's present motion to suppress as withdrawn.

**IT IS THEREFORE ORDERED** that the defendant's request for an evidentiary hearing, (Docket No. 12), is **denied without prejudice**. The defendant may file a renewed motion, in conformance with this order, not later than **April 21, 2014**. If a renewed motion is not filed by this deadline, the pending motion to suppress shall be deemed withdrawn.

Dated at Milwaukee, Wisconsin this 15th day of April, 2014.

AARON E. GOODSTEIN
U.S. Magistrate Judge